**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| AMARA DIFRANCESCO, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO: _____ |
| | § | |
| JONATHAN D. SIMON d/b/a SIMON LAW | § | |
| FIRM | § | |
| Defendants. | § | |

JURY DEMANDED

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Amara DiFrancesco brings this Original Complaint to recover unpaid overtime wages from Defendant Jonathan D. Simon.

**A.  Nature of the Action**

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers. . . ." 29 U.S.C. § 202(a).  To achieve its humanitarian goals the FLSA sets overtime pay requirements for covered employers.  29 U.S.C. § 207(a).

2.       Defendant violated the FLSA when he failed to pay Amara DiFrancesco at one and one half times her regular rate of pay for hours worked in excess of forty hours per week.  Accordingly, DiFrancesco brings this Original Complaint under § 216(b) of the FLSA to recover unpaid overtime wages.

**B.  Jurisdiction and Venue**

3.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

§ 216(b).

4.      Plaintiff's claims arise under the FLSA.  29 U.S.C. §§ 207(a)(1) and 216(b).  In connection with the acts and course of conduct alleged in this complaint, Defendant is an "employer" covered by the FLSA.  29 U.S.C. § 203(d).

5.      Venue is proper in this district because DiFrancesco is a resident of this district and a substantial part of the acts and conduct charged herein occurred in this district.

## C.  The Parties

6.      Plaintiff Amara DiFrancesco is a resident of Houston, Texas. She was an employee of Defendant within the meaning of the FLSA within the relevant time period.

7.      Defendant Jonathan Simon employed DiFrancesco as a paralegal.  Defendant Jonathan Simon, the owner of the Simon Law Firm, directed the day-to-day activities of DiFrancesco.  Thus, the Defendant is an "employer" under the FLSA.  *See McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 876-77 (5th Cir. 1989).

8.      Defendant's principal place of business is located in the Southern District of Texas, in the Houston area.

9.      Defendant Jonathan Simon is an individual who may be served at his regular place of business at 5271 Memorial Drive, Suite 108, Houston, Texas 77007.

## D.  Facts

**Defendant failed to pay for time and one half for all overtime hours.**

10.      DiFrancesco was a full-time, non-exempt employee of Defendant.  DiFrancesco worked as a paralegal for Defendant from September 23, 2011 through May 12, 2012.  She was paid an annual salary of $40,000, which is equivalent to a regular rate of $20.00 per hour.

11.      In performing her duties, DiFrancesco was required to work more than forty hours

per week.  As a non-exempt employee, DiFrancesco was entitled to be paid at one and one half her "regular rate" for all hours worked over forty in a given work week.  29 U.S.C. § 207(a). Defendant failed to pay DiFrancesco for all hours worked in excess of forty hours at one and one half times her regular rate.

12.     Defendant regularly directed DiFrancesco's work and DiFrancesco does not fall within any exemption under the FLSA.  Paralegals are not exempt under the FLSA.  29 C.F.R. § 541.301(e)(7).

**Defendants' illegal actions were and are willful violations of the FLSA.**

13.     The illegal pattern or practice on the part of Defendant with respect to overtime compensation was in violation of the FLSA.  No exemption excuses the Defendant from paying DiFrancesco at her overtime rate.  Nor has Defendant made a good faith effort to comply with the FLSA.  Rather, Defendant knowingly, willfully and/or with reckless disregard carried out his illegal pattern or practice regarding overtime compensation and the payment of wages to DiFrancesco.

### E.  Cause of Action: Failure to Pay Wages

14.     DiFrancesco incorporates herein by reference all allegations contained in paragraphs 1 through 14.

15.     Defendant's practice of failing to pay DiFrancesco all overtime compensation at one and one half the employees' regular rates for all work in excess of forty (40) hours was and is in violation of the FLSA.  29 U.S.C. § 207(a).  In addition, Defendant violated the FLSA by failing to pay DiFrancesco her full compensation.  Accordingly, DiFrancesco is entitled to payment for all overtime hours worked in an amount that is one and one half times her regular rate of pay.

16.     No exemption applies to DiFrancesco.  The Department of Labor has opined that paralegals are not subject to the professional exemption.  As stated in the Code of Federal Regulations:  "Paralegals and legal assistants generally do not qualify as exempt learned professionals because an advanced specialized academic degree is not a standard prerequisite for entry into the field.  Although many paralegals possess general four-year advanced degrees, most specialized paralegal programs are two-year associate degree programs from a community college or equivalent institution."  29 C.F.R. § 541.301(e)(7).

## F.  Damages

17.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

  a.   Actual damages;

  b.   Liquidated damages;

  c.   All reasonable and necessary attorneys' fees; and

  d.   All reasonable and necessary costs incurred in pursuing this lawsuit.

## G.  Attorney Fees & Costs

18.     Plaintiff is entitled to an award of attorney fees and costs under 29 U.S.C. § 216(b).

## H.  Jury Request

19.     Plaintiff requests a jury trial and tenders the appropriate jury fee in connection with the filing of this petition.

## I.  Prayer

20.     For these reasons, Plaintiff respectfully requests this Court to:

  a.   Declare that Defendant has violated the overtime provisions of the FLSA as to Plaintiff;

4

b.       Declare Defendant's violations of the FLSA to be willful;

c.       Award Plaintiff damages for the amount of unpaid overtime compensation and bonuses subject to proof at trial;

d.       Award Plaintiff an equal amount as liquidated damages as allowed under the FLSA;

e.       Award Plaintiff reasonable attorneys' fees, costs and expenses of this action as provided by the FLSA; and

f.       Award such other and further relief as may be required by law

Respectfully submitted,

_/s/ Charles A. Sturm_

CHARLES A. STURM
Texas Bar No. 24003020
Federal Bar No. 21777
700 Louisiana, 48th Floor
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]
csturm@steelesturm.com

ATTORNEY IN CHARGE FOR PLAINTIFF
AMARA DIFRANCESCO

OF COUNSEL:
Howard L. Steele, Jr.
Texas Bar No. 24002999
Federal Bar No. 21615
STEELE STURM, PLLC
700 Louisiana, 48th Floor
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]

5